UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON EUGENE MARSHEK,

        Petitioner,

                                    CASE NO. 2:06-CV-13712
v.                                  HONORABLE VICTORIA A. ROBERTS

C. EICHENLAUB,

        Respondent.
                                                    /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

       This is a habeas case brought pursuant to 28 U.S.C. § 2241. Tyson Eugene Marshek ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

I.      Facts

       In his pleadings, Petitioner states that he was sentenced to 72 months imprisonment following a conviction in the United States District Court for the Southern District of Georgia. He does not indicate the date upon which he was convicted or provide his projected release date for CCC placement or his full-term release date. Petitioner states that he asked the BOP to consider him for CCC placement in July, 2006, but was informed that he would not be considered for such placement until he was in the final 10% of his sentence. Petitioner claims

that he is currently challenging this decision, but admits that has not fully exhausted his administrative remedies. Petitioner alleges that exhaustion would be futile due to the BOP's current policies. Petitioner has not attached copies of any administrative decisions, grievances, or appeals pertaining to his own case to his petition.

II.     Analysis

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The burden is on the petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has exhausted his habeas claims by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *see also Rodriguez v. Federal Bureau of*

*Prisons,* 2006 WL 1897296, *1 (E.D. Mich. July 11, 2006) (requiring federal prisoner to exhaust administrative remedies as to CCC placement issues before pursuing habeas action).

III.     Conclusion

The Court concludes that Petitioner has not fully exhausted his administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Given this determination, the Court also **DENIES** Petitioner's motion for appointment of counsel.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 28, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on August 28, 2006.

S/Carol A. Pinegar
Deputy Clerk